UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARLINE GERMAIN, as Administratix of the Estate of Feguens Germain, and DARLINE GERMAIN, Individually,

Plaintiffs,

- against -

VICTORIA TRUM, DENIS TRUM, VW CREDIT LEASING, and VW CREDIT, INC.,

Defendants.

05 Civ. 8089 (CS) (LMS)

REPORT AND RECOMMENDATION

TO: THE HONORABLE CATHY SEIBEL,
UNITED STATES DISTRICT JUDGE

Crossclaim Defendant VW Credit, Inc. (herein, "VW Credit"), has filed a motion for summary judgment against Defendants Victoria and Denis Trum (herein, "Trums") seeking entry of judgment in its favor on its claim of contractual indemnification. See Docket #30, Notice of Motion for Summary Judgment. Defendants VW Credit and Trums have settled the direct claims asserted against them by Plaintiff arising out of a motor vehicle accident between Feguens Germain and Victoria Trum that resulted in Feguens Germain's death. See Docket #1, Petition for Removal, Exhibit A, Verified Complaint at ¶¶15-36. Defendants have settled the direct claims against them for a total of $2,750,000. See Docket #30, Declaration of Joseph McGovern (herein, "McGovern Decl."), Ex. F, Affidavit of Merit of John Dulka at ¶7. Under the terms of the settlement agreement VW Credit "has agreed to pay $1,500,00 from its own funds," id., and the "remainder of the settlement is to be funded by insurance inuring to the benefit of Victoria Trum, Denis Trum and VW Credit," id. VW Credit, pursuant to the lease

1

agreement it claims to have with Denis Trum, now seeks summary judgment in its favor on its contractual indemnification claim based upon its $1,500,000 settlement payment to Plaintiff.

For the following reasons I conclude, and respectfully recommend that Your Honor should conclude, that VW Credit's motion for summary judgment seeking contractual indemnification in its favor as a matter of law should be denied.

## BACKGROUND

A. <u>Facts and Procedural History</u>

The following brief recitation of fact is drawn from the pleadings and the papers filed in connection with the instant motion. VW Credit, the moving party, has neglected to file a Local Rule 56.1 Statement of Undisputed Material Fact as required by the Local Rules of the Southern and Eastern Districts of New York. The declaration of Joseph McGovern, counsel for VW Credit, can be construed generously as VW Credit's 56.1 Statement because it contains a brief narrative of the litigation and assertions of fact in support of the motion for summary judgment along with citations to attached exhibits. <u>See</u> McGovern Decl. In light of the concise issue addressed herein, the undersigned elects to construe this declaration as a substitute for the otherwise required Local Rule 56.1 Statement and will overlook the technical deficiency of VW Credit's motion. <u>See</u> <u>Holtz v. Rockefeller Co.</u>, 258 F.3d 62, 73 (2d Cir. 2001) (noting that District Courts enjoy "broad discretion" when evaluating compliance with the local rules).

Mr. Feguens Germain and Mrs. Victoria Trum were involved in a motor vehicle accident on June 23, 2005, resulting in the death of Mr. Germain. <u>See</u> Docket #5, Amended Complaint (herein, "Am. Comp.") at ¶¶31-36. Darline Germain, as the administratrix of the Estate of Feguens Germain, commenced the instant action in New York State Supreme Court, New York

County, against Victoria and Denis Trum, as driver and owner of the car, respectively, and VW Credit, Inc. and VW Credit Leasing, lessors of the car, for negligence and loss of consortium. The Trums, VW Credit, and VW Credit Leasing, then represented collectively, removed Plaintiff's state court action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §1332; Plaintiff is a resident of New York, the Trums are residents of New Jersey, and VW Credit and VW Credit Leasing, Ltd.[1] are organized under the laws of the State of Delaware and maintain their principal places of business in Delaware. See Docket #1, Notice of Removal at ¶5.

After the Defendants removed the litigation to this Court, Plaintiff filed an Amended Complaint on October 21, 2005. See Docket #5. VW Credit and VW Credit Leasing then moved to dismiss Plaintiff's Amended Complaint on the ground that the Transportation Equity Act, 49 U.S.C. §30106, immunized VW Credit and VW Credit Leasing from suit as lessors of motor vehicles unless "they, themselves, were negligent or engaged in 'criminal wrongdoing.' " See Docket #10, Memorandum Decision and Order of the Honorable Stephen C. Robinson dated October 2, 2006 (herein, "Decision") at p. 8 (quoting 49 U.S.C. §30106(a)). Judge Robinson denied the motion to dismiss on the ground that the Transportation Equity Act only insulated companies from lawsuits commenced after the date of the enactment of the legislation and that Plaintiff's Amended Complaint related back to the date of the original filing of the Verified Complaint in New York State Supreme Court, which predated the enactment of the legislation by one day. See Decision at pp. 8-12. Judge Robinson also denied Plaintiff's request to disqualify defense counsel based upon a potential conflict of interest in representing both VW Credit and

---

[1] The proper denomination of the entity known as VW Credit Leasing Ltd. comprises a portion of the arguments raised in connection with this motion and is discussed *infra* at p. 11.

VW Credit Leasing, the lessors of the vehicle, and the Trums, the lessees of the vehicle.  Id. at p. 13.[2]

Following Judge Robinson's Decision and Order, VW Credit and VW Credit Leasing retained their own defense counsel, interposed an Answer to the Amended Complaint, and asserted crossclaims for contractual indemnification against the Trums based upon the hold harmless clause of the lease agreement entered into by the Trums.  See Docket #15.  The Trums continued to retain the original defense counsel that removed the action to this Court and filed the motion to dismiss.  As noted above, the Trums, VW Credit, and VW Credit Leasing subsequently settled the direct claims against them in February of 2008 for a combined total of $2,750,000, and VW Credit's motion for summary judgment seeking contractual indemnification in its favor against the Trums followed shortly thereafter.

B.  <u>VW Credit's Motion for Summary Judgment and the Trums' Opposition</u>

VW Credit moves for summary judgment on its crossclaim asserting contractual indemnification against the Trums based upon the inclusion of a hold harmless clause in the lease agreement between Denis Trum and VW Credit.  VW Credit asserts that there are no genuine issues of material fact in dispute requiring resolution at trial, that the language of the hold harmless provision is clear and unambiguous, and that it is entitled to indemnification from the Trums as a matter of law under FED. R. CIV. P. 56.  See Docket #31, VW Credit's Memorandum of Law (herein, "VW Credit Mem.") at pp. 3-6.  Anticipating some of the arguments in opposition, VW Credit argued in its moving papers that such indemnification

---

[2] On September 18, 2007, this matter was reassigned to the docket of the late-Honorable Charles L. Brieant, United States District Judge.  See Docket #21.

4

agreements are valid and enforceable under New York law and that the language of the hold harmless provision applies to matters that VW Credit settled arising out of the use of one of its leased vehicles. Id. at pp. 4-6.

The Trums interpose several arguments in Opposition to VW Credit's motion for summary judgment. The Trums first raise a choice of law question, suggesting that New York's choice of law analysis pertaining to contract disputes dictates that New Jersey law, which is the situs of the contract's formation, rather than New York law, applies. See Docket #38, Trums' Opposition to Motion for Summary Judgment (herein, "Trum Opp.") at ¶¶ 4-7. According to the Trums, under New Jersey law, the contractual indemnity provision at issue in this case is unenforceable and violative of public policy. See id. at ¶¶16-18. The Trums also argue that VW Credit lacks standing to assert the contractual indemnification claim against the Trums because VW Credit assigned its rights under the lease agreement to VW Credit Leasing Ltd., an entity which the Trums argue is not a party to this action. See Trum Opp. at ¶¶8-14. The Trums note that although VW Credit Leasing was named in the original Complaint and the Amended Complaint, VW Credit Leasing does not exist – only VW Credit Leasing Ltd. exists. More importantly, the Trums argue that VW Credit Leasing Ltd., the holder and assignee of the rights articulated in the lease agreement, is not the entity that is making the settlement payment to Plaintiff. The Trums reason, therefore, that VW Credit has no standing to seek indemnification for payments VW Credit has agreed to make because it is not in a contractual relationship with the Trums and that only VW Credit Leasing Ltd. can seek contractual indemnification from the Trums under the terms of the assigned lease. Id. Lastly the Trums argue that there exists an issue of fact pertaining to the application of the principle of anti-subrogation and offer that they

5

may be covered under VW Credit's insurance policy and that "[t]o the extent that the lessee is also an insured under the same policy of insurance ensuring the lessor, this action should not be permitted." See id. at ¶15.

VW Credit advances in Reply that VW Credit and VW Credit Leasing Ltd. "are the same entity," and that the identification of VW Credit Leasing Ltd. as VW Credit Leasing in the pleadings is a scrivener's error, attributable to Plaintiff's counsel, and that VW Credit noted in its Answer that it was "sued herein as" VW Credit Leasing. See Docket #43, VW Credit's Reply at pp. 6-7. VW Credit maintains that it and VW Credit Leasing Ltd. are "one in the same," that the Trums' argument to the contrary exalts form over substance, and that this technicality should not be used as a basis to deny summary judgment. See id. at p. 6.

For the following reasons I conclude, and respectfully recommend that Your Honor should conclude, that as the record is currently presented and developed, that VW Credit has failed to establish that there exist no genuine issues of material fact as to whether it is the same legal entity as VW Credit Leasing Ltd. and that it has failed to establish that it is entitled to seek indemnification under the lease agreement as a matter of law. I respectfully recommend, therefore, that VW Credit's motion for summary judgment seeking contractual indemnification in its favor should be denied.

## DISCUSSION

A.  Summary Judgment Standard and Local Rule 56.1

    1.    Summary Judgement Standard

Pursuant to the Federal Rules of Civil Procedure, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there

6

is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 320-23 (1986). A fact is "material" when it may affect the outcome of a case under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. A trial judge may, therefore, grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. Id. at 250. The inquiry performed is the threshold inquiry of determining whether there are any genuine factual issues that properly can be resolved only by a finder of fact. Id.

Summary judgment may be granted only "[i]f after discovery, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.' " Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex, 477 U.S. at 323) (alteration in original). "The nonmoving party must have 'had the opportunity to discover information that is essential to his [or her] opposition' to the motion for summary judgment." Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir.1989) (quoting Anderson, 477 U.S. at 250 n. 5). Moreover, a court should "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in its favor." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002); Farias v. Instructional Sys., Inc., 259 F.3d 91, 97 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir. 1998); see also Anderson, 477 U.S. at 261 n.2. Thus, "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992) (quoting

7

H.L. Hayden Co. of New York, Inc. v. Siemans Med. Sys. Inc., 879 F.2d 1005, 1011 (2d Cir. 1989)).

    2.    Local Rule 56.1

Pursuant to the Local Rules for the Southern and Eastern Districts of New York, a moving party must attach a "separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." See Local Rule 56.1(a). A similar requirement is imposed upon the party opposing the motion for summary judgment. See Local Rule 56.1(b) (requiring the party opposing a motion for summary judgment to identify the material facts which it contends are in dispute). Should the non-moving party fail to respond to the facts alleged by the moving party to be undisputed, those facts "will be deemed to be admitted for purposes of the motion . . . ." Local Rule 56.1(c). Importantly, "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." See Local Rule 56.1(d). This requirement "free[s] district courts from the need to hunt through voluminous records without guidance from the parties." Holtz v. Rockefeller Co., 258 F.3d 62, 74 (2d Cir. 2001) (citations omitted).

As noted above, VW Credit has failed to submit a Local Rule 56.1 Statement in connection with its motion for summary judgment; the Trums – overlooking this omission – have not submitted a responsive statement under Local Rule 56.1(b). The undersigned, however, has read the submissions of the parties made in connection with the instant motion and respectfully recommends that these submissions suggest the existence of disputed facts that

preclude the entry of summary judgment in VW Credit's favor.

B. <u>VW Credit's Motion for Summary Judgment</u>

VW Credit contends that the agreement covering the Trums' lease of the motor vehicle involved in the accident with Mr. Germain contains a "hold harmless" provision that authorizes VW Credit to seek indemnification against the Trums for expenses VW Credit incurred in connection with the lease of the vehicle to the Trums. The lease agreement provides that "[y]ou [the lessee] agrees to reimburse and hold Holder and its assignees and employees harmless from all losses, damages, injuries, claims, demands and expenses arising out of the condition, maintenance, use or operation of the Vehicle. You agree that the Monthly Payment will not be subject to any defenses, setoffs, counterclaims or recoupment." <u>See</u> McGovern Decl., Ex. E, VW Credit's Rule 26 Disclosure Statement, Ex. A, Motor Vehicle Lease Agreement (herein, "Agreement") at ¶34, Reimbursement. VW Credit asserts that its settlement payment to Plaintiff qualifies as an expense VW Credit has incurred "arising out of the . . . use or operation of the Vehicle" by the Trums as lessees and that the Trums are therefore required to reimburse VW Credit. <u>See</u> VW Credit Mem. at p. 2 (asserting that it has established prima facie entitlement to reimbursement under the terms and conditions of the lease agreement).

The Trums argue, however, that the lease agreement contains a provision that prevents the entry of summary judgment in VW Credit's favor as a matter of law. The Trums highlight the assignment clause of the Agreement which provides as follows:

> . . . valuable consideration, LESSOR [identified earlier in the document as Joe Heidt Motors, Corp.] hereby assigns VW Credit Leasing, Ltd. or its assignee ("Holder") all of Lessor's rights, title and interest in and to the Lease, the Vehicle described therein and the Guaranty (if any) and Holder is hereby . . . [auth]orized to do everything necessary to collect the obligations arising out of the Lease and this assignment. To induce Holder to accept the assignment of the Lease, Lessor

9

> warrants that: the Lease and Guaranty (if any) are genuine, legally valid . . . enforceable and arose from the lease of the Vehicle; the Lease was complete in all respects and Lessor made all disclosures required by law prior to the execution thereof by each Lessee; no Lessee is a minor and each has capacity to contract . . . [si]gnature of each Lessee is genuine; the Vehicle is as described in the Lease and has been delivered to and is in the possession of Lessee; the Lease and title to the Vehicle are vested in Lessor free and clear of all liens and encumbrances . . . . Lessor has the right to sell and assign the same and has taken all action necessary and proper to title and register the Vehicle in the name of Holder; and all statements made by or on behalf of Lessee and furnished to Holder by Lessor are . . . would impair the validity or value of the Lease. The Lessor also warrants that the Lease was assigned to Holder prior to the use of the Vehicle by Lessee. The Lease is assigned to Holder under the Direct Lease Finance Plan Agreement . . . [and is] subject to the terms and conditions thereof; provided that in the event of a breach of any of the forgoing warranties, without regard to Lessor's knowledge or lack of knowledge with respect thereto or Holder's reliance thereon, Lessor shall . . . [pur]chase the Lease and the Vehicle from Holder for the full amount then unpaid under this Lease together with the Residual Value as hereinabove identified when the Lease shall then be, or not be, in Default.[3]

See McGovern Decl., Ex. E, Agreement, "ASSIGNMENT." The Trums assert that this assignment of all "rights, title and interest" arising under the Lease to VW Credit Leasing Ltd. includes the reimbursement and hold harmless provision relied upon by VW Credit in connection with the instant motion and that VW Credit thus lacks a contractual right to seek reimbursement from the Trums under the terms of the lease. See Trum Opp. at ¶¶9-10, 13.

A review of the documents submitted in connection with this motion leads me to conclude, and respectfully recommend that Your Honor should conclude, that VW Credit has failed to evince that it is entitled to entry of judgment in its favor on its claim of contractual

---

[3] The photocopy of the assignment clause of the Agreement attached to the McGovern Declaration is cut off and does not contain the far left portion of the clause. The undersigned has endeavored to supply as much information as possible from a natural reading of the Agreement and such edits are denominated by the use of the brackets in the above-quoted passage. Ellipses are used when entire words appear to be missing from the copy provided to the Court and the Court cannot otherwise determine what words are omitted.

indemnification as a matter of law. First, counsel for VW Credit has eschewed presenting any documentation in reply to the Trums' assertion that the right to seek indemnification has been assigned to another entity, VW Credit Leasing Ltd. Although VW Credit Leasing is listed as a defendant in this case, and VW Credit's Answer includes a statement that VW Credit has been "sued herein as" VW Credit Leasing, this assertion of similarity does not resolve the issue of fact surrounding which entity has a legal right to seek indemnification under the Agreement. The "scrivener's error" argument posited by VW Credit in Reply pertaining to the omission of the "Ltd." from VW Credit Leasing's official name does not resolve the question as to which VW entity enjoys the right to seek indemnification under the terms of the Agreement and its assignment clause. Moreover, this argument fails to address whether VW Credit Leasing Ltd. can seek reimbursement for payments made by VW Credit, Inc.

Counsel for VW Credit only relies upon his own assertion of fact made in connection with his Reply Memorandum of Law that "these corporate names identify the same corporate entity," and that " 'VW Credit Leasing, Ltd.' is a corporate identity previously used by 'VW Credit, Inc.' These organizations are one in the same." See VW Credit Reply at p. 7. Counsel for VW Credit omits any citation to evidence to support either of these factual assertions and only provides printouts from the New York State Secretary of State's website that show that these corporate entities are registered separately with the Secretary of State. See VW Credit Reply, Ex. A. Counsel for VW Credit shifts his initial burden on a motion for summary judgment to counsel for the Trums by arguing that counsel for the Trums has "failed to set out any specific facts contradicting VW Credit's assertion that it is the lessor of the vehicle involved." Id. at p. 6. Before the Trums would have to make such a showing, counsel for VW

11

Credit must first show that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." See FED. R. CIV. P. 56(c). It is the responsibility of the moving party to show the District Court the basis for its motion and to demonstrate the absence of a genuine issue of material fact necessitating trial. See Celotex, 477 U.S. at 323 (internal quotation marks omitted). "If the evidence adduced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*' " Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970) (quoting FED. R. CIV. P. 56 advisory committee notes to the 1963 amendments) (emphasis in original) (internal quotation marks omitted)). I respectfully recommend that, on the record before the Court at this time, VW Credit has failed to make this initial showing.

VW Credit also fails to offer any information about the "Direct Lease Finance Plan Agreement" referenced in the assignment provision of the Agreement. Absent any information about this provision, which apparently has its *own* terms and conditions, the Court cannot rule that VW Credit is entitled to indemnification as a matter of law. See McGovern Decl., Ex. E, Agreement, "ASSIGNMENT" ("The Lease is assigned to Holder under the Direct Lease Finance Plan Agreement . . . subject to the terms and conditions thereof . . ."). This separate agreement, which appears to be incorporated into the assignment provision of the lease Agreement at issue in this case, may contain additional language that impacts upon the rights and responsibilities of the parties to this case. Absent such information, I conclude that VW Credit also fails to meet its burden as the moving party under FED. R. CIV. P. 56(c).

Counsel for VW Credit maintains that VW Credit and VW Credit Leasing are one and

12

the same and suggests that the issue surrounding which entity has the right to seek indemnification from the Trums is a technicality that should not impede resolution of this motion. See VW Credit Reply at p. 6 ("This argument, however, exalts form over substance and presents nothing more than a feigned issue which may not serve as the basis to deny a meritorious summary judgment motion."). Respectfully, counsel for VW Credit has not presented a "meritorious" summary judgment motion. Second, the implications that result from the incorporation of separate corporate entities are not legal privileges that can be disregarded when most efficient; corporate identity is not a doctrine of convenience that allows a holder to use its protections as both a shield and a sword. VW Credit, or its attorneys, made the tactical, legal decision to include an assignment provision in VW Credit's standard lease agreements; VW Credit does not have the option of arguing that the assignment provision has no legal force or effect when it appears that the assignment provision frustrates VW Credit's rights or financial interests. Finally, the undersigned notes that the Agreement presented to the Court identifies Joe Heidt Motors, Corp. as the lessor of the vehicle in question. See McGovern Decl., Ex. E. Neither party has addressed when, or how, VW Credit obtained a legal interest in the vehicle in question, whether Joe Heidt Motors, Corp. is a necessary party to this litigation, or whether VW Credit was the assignor of the lease to VW Credit Leasing Ltd. in the first instance.

 It may become apparent at trial that VW Credit and VW Credit Leasing are a singular corporate entity and that VW Credit enjoys the right to seek indemnification from the Trums. Upon the record before the Court as presented by counsel for VW Credit, however, the undersigned cannot conclude that judgment in favor of VW Credit is appropriate as a matter of law. I therefore conclude, and respectfully recommend that Your Honor should conclude, that

VW Credit's motion for summary judgment should be denied. In making this recommendation the undersigned offers no opinion on the propriety of the other arguments raised in Opposition to VW Credit's motion, including the choice of law question, the application of the principle of anti-subrogation, and whether the indemnification provision discussed herein is violative of public policy under either New York or New Jersey law.

## CONCLUSION

For the aforementioned reasons I conclude, and respectfully recommend that Your Honor should conclude, that VW Credit's motion for summary judgment seeking entry in its favor on its crossclaim for contractual indemnification against the Trums should be denied.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: November 7, 2008
White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Cathy Seibel, U.S.D.J.

Counsel of Record for VW Credit and Victoria and Denis Trum